**LAWRENCE SYSTEMS, INC., Appellant,**

v.

**SUPERIOR FEEDERS, INC., a corporation, O.C. Elliott, and Herbert Vogel, Appellees.**

**No. 77434.**

Court of Appeals of Oklahoma, Division No. 4.

July 21, 1992.

Stanley Ed Manske, Manske & Kincannon, Boise City, for appellant.

Bryan L. Wright, Wright, Dale & Jett, Guymon, for appellees.

## MEMORANDUM OPINION

BOUDREAU, Judge.

On November 30, 1990, Appellant filed its "Motion for Entry of Judgment on the Verdict and for Award of Attorney's Fees" seeking memorialization of a judgment and an award of attorney's fees. The trial judge denied the requested relief. Six days later Appellant filed a motion to reconsider which the court denied. It is from this denial that Appellant appeals.

The question on appeal relates to whether 12 O.S.1981 § 735, as amended effective October 1, 1981, compels a finding that a

March 22, 1977, judgment secured by Appellant against Appellees is now dormant and no longer enforceable.

Appellant was awarded a jury verdict in this case on March 22, 1977. The jury's verdict was accepted by the trial court. However, the court did not memorialize its judgment nor did it rule on the application for attorney's fees.

Appellant then caused an execution on the judgment to be issued by the court clerk on September 20, 1979. This execution was not filed in the office of the county clerk. The execution was returned with no property found. Thereafter, executions on the judgment were issued from the office of the county clerk for Cimarron County, Oklahoma, on April 22, 1983, January 30, 1986, and January 22, 1991.

Appellant contends that the initial execution issued on September 20, 1979, continued the enforceability of the March 22, 1977, judgment until September 20, 1984. It then argues that executions issued and filed subsequently have continued the enforceability of the judgment to this day. Appellees assert that the absence of an execution being issued and filed in the office of the county clerk prior to March 22, 1982, (five years after the verdict) caused the judgment rendered on March 22, 1977, to become dormant. The trial court agreed with Appellees.

■ Prior to its 1981 amendment, section 735 read, in pertinent part, as follows:

If execution shall not be sued out within five years after the date of any judgment that now is or may hereafter be rendered, in any court of record in this State, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant. . . .

The amendment in 1981 substituted, *inter alia,* a reference to 12 O.S.1981 § 759 for the previously used phrase, "shall not be sued out." Sections 735 and 759, when read together, now require that a certified copy of a general execution upon the judgment be filed and indexed in both the office of the court clerk in the county in which the judgment was rendered and in the office of the county clerk in each county in which the judgment has been filed. This was not required before the 1981 amendment.

When the Appellant caused execution to be issued on September 20, 1979, within five years of the March 22, 1977, judgment, the language of 12 O.S.1971 § 735, in its pre–1981 version, assured Appellant of a judgment that would not lapse into dormancy for at least a period of five years or until September 20, 1984. The question before the court is whether the provisions of section 735, as amended effective October 1, 1981, shortened this period and required that an execution be issued on the judgment and filed in the office of the county clerk prior to March 22, 1982, to avoid dormancy.

■ Both parties spent considerable time briefing the issue of whether a judgment is an "accrued right" within the ambit of article 5, section 54, of the Oklahoma Constitution.[1] Dormancy statutes are considered "procedural and binding on all judgment creditors." *State ex rel. Comm'rs of Land Office v. Weems,* 197 Okla. 106, 108, 168 P.2d 629, 632 (1946). Being procedural in nature, they are not considered an "accrued right" which implicates article 5, section 54, of the Oklahoma Constitution. *Ensley v. State,* 4 Okla.Crim. 49, 109 P. 250 (1910). As such, the 1981 amendment applied to all pre-existing judgments.

■ However, this focus misses the mark. The 1981 amendment merely provided a new statutory procedure for the issuance of execution in order to keep a judgment alive. The new procedure affected all judgments, those granted prior to the effective date of the amendment and those that would come into existence after that date. From and after the 1981 amend-

1. Article 5, Section 54, of the Oklahoma Constitution provides that "[t]he repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute."

ment, a judgment must be enforced by execution as per the statute and within the statutory period or it is deemed satisfied as a matter of law.

■ The amendment did not void an execution that was properly issued under the pre–1981 statute. The execution on the judgment, properly issued by Appellant on September 20, 1979, kept the judgment enforceable for an additional five years or until September 20, 1984. However, the 1981 amendment required that the execution issued on April 22, 1983, be issued in conformity with the new procedure. The record indicates that it was, as well as the executions issued on January 30, 1986, and January 22, 1991.

The purpose of the statute relating to dormant judgments is to require a party obtaining a final determination of rights to exercise those rights within five years and to bar right to process for enforcement of a judgment in absence of issuance of process within five years. *North v. Haning,* 204 Okla. 321, 324, 229 P.2d 574, 577–78 (1951). The Appellant has properly issued execution on the judgment as per the statute and within the statutory periods to continue its enforceability.

This matter is reversed and remanded with directions to sign a written order memorializing the judgment granted on March 22, 1977.[2]

BACON, C.J., and STUBBLEFIELD, J., concur.

**2.** In its petition in error, Appellant raised the issue of the denial of the request for attorney fees. However, the Appellant did not address this allegation of error in his brief. "The absence of argument and authorities on a point of error preserved by a petition in error is deemed abandonment of that point." *Perry v. Meek,* 618 P.2d 934, 938 (Okla.1980).