**Robert E. CARTER, Appellant,**

v.

**Verlis L. JIMERSON, Appellee.**

No. 05–96–01407–CV.

Court of Appeals of Texas,
Dallas.

July 29, 1998.

---

**2.** *See* note 1.

Andrew L. Jefferson, Jefferson & Mims, Houston, for appellant.

George S. McKearin, III, Richardson, for appellee.

Before MALONEY, CHAPMAN and MORRIS, JJ.

## OPINION

MORRIS, Justice.

This case involves an attempt to enforce a foreign judgment. We decide whether the 1983 registration of a foreign divorce decree in Texas under the Uniform Reciprocal Enforcement of Support Act allows a former wife to enforce the decree to collect past due alimony payments. We conclude that registration of the divorce decree under the Uniform Reciprocal Enforcement of Support Act did not have the effect of registering the alimony provisions of the judgment and that the statute of limitations governing enforcement of foreign judgments bars this action. We reverse the trial court's judgment and render judgment in favor of appellant.

### FACTUAL BACKGROUND

In 1981, Robert E. Carter and Verlis L. Jimerson were divorced pursuant to a New Mexico decree. The decree included provisions for both child support and alimony. On March 24, 1983, Jimerson filed a petition in Dallas County requesting that the New Mexico decree be registered in Texas. At that time, both Jimerson and Carter were residents of Texas. The petition specifically invoked the provisions of the Texas Uniform Reciprocal Enforcement of Support Act (URESA) as the basis for registration and enforcement. In 1983, URESA was applicable to child support, but not alimony. Jimerson's petition was granted, and the order confirming registration of the decree stated it was entered pursuant to URESA.

In September 1995, Jimerson filed under the same cause number assigned to her 1983 registration action an Original Petition for Breach of Alimony Contract. Citing the 1983 registration order as the basis for enforcing the New Mexico divorce decree in Texas, Jimerson requested the trial court to award her past due alimony payments together with attorney's fees. Carter answered and raised several affirmative defenses, including that Jimerson's action was barred by limitations under section 16.066(b) of the Texas Civil Practice and Remedies Code.

Following a trial before the court without a jury, the trial court held that all provisions of the New Mexico divorce decree were entitled to full faith and credit in Texas and ordered Carter to pay alimony arrearages plus interest and attorney's fees. In its conclusions of law, the trial court stated the divorce decree was a "filed foreign judgment" subject to the Uniform Enforcement of Foreign Judgments Act (the "Uniform Act"). Carter timely appealed the trial court's judgment.

## DISCUSSION

In his first two points of error, Carter generally contends the trial court erred in failing to apply the limitations period for enforcement of foreign judgments under section 16.066(b). Section 16.066(b) states that "[a]n action against a person who has resided in this state for 10 years prior to the action may not be brought on a foreign judgment rendered more than 10 years before the commencement of the action in this state." TEX. CIV. PRAC. & REM.CODE ANN. § 16.066(b) (Vernon 1997). Jimerson responds that her 1983 registration of the New Mexico decree under URESA for child support was an "action" as contemplated by section 16.066(b), thus making the limitations bar inapplicable to her later claims for alimony filed under the same cause number. Jimerson relies on the case of *Lawrence Systems, Inc. v. Superior Feeders, Inc.*, 880 S.W.2d 203 (Tex.App.—Amarillo 1994, writ denied), to support her argument.

In *Lawrence Systems*, the court held that section 16.066(b) is applicable to actions to enforce foreign judgments under the Uniform Act. *Id.* at 208. The court further held, however, that the actual filing of a foreign judgment pursuant to the Uniform Act was, in and of itself, an enforcement action. *Id.* Under *Lawrence Systems*, therefore, if a foreign judgment is filed in Texas pursuant to the Uniform Act within ten years of either the date the judgment was rendered or the date the judgment debtor began residing in Texas, then an enforcement proceeding is commenced within the limitations period. *Lawrence Systems* did not deal with filings under URESA.

An essential prerequisite to application of the Uniform Act is compliance with its provisions. *See id.; Jack H. Brown & Co. v. Northwest Sign Co.*, 665 S.W.2d 219, 221–22 (Tex.App.—Dallas 1984, no writ). The filing of a foreign judgment is effective under the Uniform Act only if the filing party follows the statutory requirements of authentication, filing, and notice. *Lawrence Systems*, 880 S.W.2d at 208; *Jack H. Brown & Co.*, 665 S.W.2d at 221–22. The Uniform Act in effect in Texas in 1983 had specific requirements for authenticating foreign judgments, notifying judgment debtors, and paying a fee. *See* Uniform Enforcement of Foreign Judgments Act, 67th Leg., R.S., ch. 195, §§ 3 & 5, 1981 Tex. Gen. Laws 464, 464–65. Jimerson points to no proof that she complied with these requirements, and we have found none in the record before us. In her 1983 petition to register the New Mexico decree, Jimerson does not mention the provisions of the Uniform Act, but instead relies exclusively on the entirely separate filing provisions of URESA. The order confirming registration of the New Mexico decree in Texas specifically references URESA as the basis for the filing.

At the time the New Mexico decree was registered, the duties of support enforceable under URESA did not include alimony. *See* Uniform Reciprocal Enforcement of Support Act, 67th Leg., R.S., ch. 356, § 21.03(6), 1981 Tex. Gen. Laws 945, 945. URESA was then primarily a means of enforcing child support obligations. Registration of the New Mexico decree under URESA could not be a registration of the decree's alimony provisions. *See Parker v. Parker*, 593 S.W.2d 857, 859 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). The alimony provisions of the New Mexico judgment, however, remained a foreign judgment subject to enforcement as such. *Id.*

Without a showing that Jimerson complied with the requirements of the Uniform Act, as contrasted with complying with URESA, Jimerson's 1983 registration of the New Mexico decree under URESA was not the commencement of an enforcement action under the Uniform Act. *See Lawrence Systems*, 880 S.W.2d at 208. Furthermore, because

the 1983 registration of the New Mexico decree did not register the alimony provisions, the trial court erred in concluding that the *entire* decree was a "filed foreign judgment." Jimerson makes no argument and cites no authority to suggest that the filing of her alimony claim under the same cause number as her earlier registration to collect child support somehow relates back to that earlier filing. Regardless, it is clear that her 1983 filing under URESA for child support would not be notice to Carter of a claim for alimony. We conclude, therefore, that Jimerson's registration of the decree in 1983 did not begin an action for the enforcement of alimony obligations such that this action was commenced within the ten-year limitations period set out in section 16.066(b).

■ Absent an effective filing of the alimony provisions of the New Mexico decree in Texas, the only other means by which Jimerson could enforce the decree to collect alimony is by a common law action for the enforcement of a foreign judgment. *See, e.g., McElreath v. McElreath,* 162 Tex. 190, 345 S.W.2d 722 (1961). Indeed, Jimerson cites several cases to demonstrate that Texas gives full faith and credit to foreign awards of alimony. As an action on a foreign judgment, however, Jimerson's suit is subject to the limitations period set forth in section 16.066(b). It is undisputed that the New Mexico decree was rendered more than ten years before Jimerson sought to enforce the alimony obligations. It is also undisputed that Carter became a resident of Texas more than ten years before this action was commenced. Section 16.066(b), therefore, bars this action. We sustain Carter's first and second points of error. Given our holding, it is unnecessary for us to address Carter's third point of error challenging the award of attorney's fees. *See* TEX.R.APP. P. 47.1.

We reverse the trial court's judgment and render judgment in favor of Robert E. Carter.