FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR **31** 2015

CHRISTOPHER A. PRINE
CLERK

No. 01-15-00020-CV

IN THE FIRST COURT OF APPEALS AT HOUSTON

---------------------------------------------------------------------------------

WILLIAM A. BALDWIN,

*Appellant,*

v.

LPP MORTGAGE LTD,

*Appellee.*

---------------------------------------------------------------------------------

Appealed from then 295th Judicial District Court of

Harris County, Texas

## APPELLANT WILLIAM A. BALDWIN'S RESPONSE TO APPELLEE LPP MORTGAGE LTD'S MOTION TO DISMISS APPEAL FOR WANT OF JUJRISDICTION

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES Appellant WILLIAM A. BALDWIN ("BALDWIN") and files this response to Appellee's Motion to Dismiss for Want of Jurisdiction pursuant to Tex, R. App, 25.1. In support thereof, BALDWIN alleges as follows:

### PROCEDURAL HISTORY

1. This case involves a dispute over Appellant's home mortgage loan. On June 23, 2014 , the 295th District Court granted final summary judgment in Cause No. 2010-22793 in favor of LPP, from which Plaintiff appeals.
2. On July 23, 2014 Plaintiff/Appellant filed a Motion for New Trial.

3. For various reasons (the judge's involvement with other trials, etc.) the 295th District Court delayed hearing the Appellant's Motion for New Trial for approximately eight weeks until November 14, 2014 .

4. A written order denying Plaintiff's Motion for New Trial was signed on December 22, 2014 after County Civil Court at Law No. 3 Harris County , Texas had issued an eviction order in Trial court Cause No. 1049938 and Plaintiff had been evicted from his property on December 16, 2014.

5. Plaintiff filed a Notice of Appeal on January 9, 2015.

## APPELLANT'S APPEAL IS NOT UNTIMELY

6. In granting the summary judgment against the plaintiff/ appellant, the 295th District Court relied on a summary order of foreclosure that was void. (See attached Exhibit A—Plaintiff's Motion for New Trial.)

7. A void judgment is like fraud—it vitiates everything it touches. A judgment cannot be granted based on an earlier void judgment. (See attached Exhibit B—Plaintiff's Supplemental Brief in Support of his Motion for New Trial.)

8. The general rule that summary judgments can be upheld on any proper basis in the summary judgment record or evidence does not apply to void judgment s . Reliance on a void judgment to grant another judgment is fundamental error and presumed harmful (See Browning v. Prostok, 165 S.W. 3d 336,346 (Tex.2005).

9. The summary order did not have to be appealed. A void order or judgment—going beyond a court's subject matter jurisdiction—can be attacked at any time.

10. If a void judgment can be attacked at any time, the time frame set forth in the appellee's motion has no relevance. The present appeal is therefore timely, and this Court should not dismiss the appeal for want of jurisdiction.

WHEREFORE, PREMISES CONSIDERED, BALDWIN prays that this Court dismiss the appellee's Motion to Dismiss Appeal for Want of Jurisdiction and for such other and further relief to which BALDWIN may show himself justly entitled.

Respectfully submitted,

*William A. Baldwin*

WILLIAM A. BALDWIN

7936 Grove Ridge Dr.

Houston, TX 77061

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Appellant's response to Appellee's Motion to Dismiss for Want of Jurisdiction has been served on Appellee in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on the 31st day of March, 2015 by fax (713) 960-1809 and by deposit into the care and custody of the United States Postal Service in an envelope addressed to:

John H. Miller III

Gregg & Valby, P. C.

1700 W. Loop South, Suite 200

Houston, TX 77027

*William A Baldwin*

WILLIAM A. BALDWIN

EXHIBIT A

FILED
Chris Daniel
District Clerk
JUL 23 2014
Time:
Harris County, Texas
By_____ Deputy

CAUSE NO.2010-22793

| WILLIAM A. BALDWIN | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| LPP MORTGAGE LTD | § | |
| Defendant | § | 295th JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION FOR NEW TRIAL

### INTRODUCTION

(1) Plaintiff William A. Baldwin sued Defendant LPP Mortgage Ltd for improper acceleration and foreclosure of Plaintiff's property.

(2) LPP Mortgage Ltd filed a motion for summary judgment based on *res judicata*.

(3) Due to the fact that the notice of the hearing got lost in his voluminous paperwork on the case, Plaintiff mistook the date of the hearing on June 23 for June 25, and was preparing an answer when he realized that the date of the hearing had passed.

(4 The Court granted the motion for summary judgment and signed a summary judgment for LPP Mortgage Ltd on June 23, 2014.

### FACTUAL BACKGROUND FOR SUPPORTING MOTION FOR NEW TRIAL

(5) Plaintiff Baldwin sued defendant LPP Mortgage for improper acceleration and foreclosure of Plaintiff's property on April 12, 2010 in Cause No. 2010-22792. At all times mentioned Plaintiff was and is the owner in fee simple of a parcel of real property and all improvements on that property, located in Harris Country, Texas. The parcel of real property is more particularly described as follows:

LOT TWENTY-FIVE (25) SAVE AND EXCEPT THE EAST 5 FEET IN BLOCK SIXTY-NBINE 969) OF REPLAT OF NORTH PART OF GLENBROOK VALLEY, SECTION TWELVE 9120 A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 92, PAGE 27 OF THE MAP RECRODS OF HARRIS COUNTY, TEXAS.

(6) While the case was still pending, an order for foreclosure was issued by the 269th Court on July 14, 2011.

(7) Believing that his original case Cause No. 2010-22793 had been dismissed because of non-payment of filing fees, Plaintiff filed another lawsuit against LPP Mortgage Ltd in Cause No. 2011-46393. A summary judgment was granted in favor of the defendant on April 12, 2012, which was based on the Summary Foreclosure order entered by the 269th Court in Cause No. 2011-30108. (See true and correct copy of the foreclosure order attached as Exhibit A.) (See defendant LPP Mortgage Ltd' Motion for Summary Judgment Pg. 1 mentioning 269th order attached as Exhibit B and Summary Judgment order for Final Judgment signed June 23, 2014 attached as Exhibit C.)

(8) Upon learning that his original case Cause No. 2010-22793 was still pending and not dismissed, Plaintiff, upon instruction from the Court, served the defendant on October 8, 2013. A true and correct copy of the original petition with the filing date of April 12, 2010 is attached as Exhibit D.

## ARGUMENT & AUTHORITIES

(9) The Court should grant a new trial because it erred by granted the motion for summary judgment.

(10 District courts are normally courts of general jurisdiction with power to decide claims to title at real estate.

(11) The order of sale issued by the 269th Court was issued in a Summary Proceeding for Foreclosure with limited jurisdiction. The Statute for Summary Foreclosure on which the order of sale is based provides limited jurisdiction. The

District Courts have no power to try title claims in proceedings for Summary Foreclosure.

(12) The summary judgment in Cause No. 2011-46393 was based on the Summary Foreclosure order entered by the 269th court. That order of foreclosure could not adjudicate Baldwin's claims to title in this case.

(13) The summary judgment in Cause No. 2011-46393 is void because it is based on a void order. Baldwin's bonafide title dispute raised by Baldwin in Cause No. 2010-22793 was pending at the time the 269th Court signed the Order for Foreclosure.

(14) Baldwin did not have a fair and full opportunity to litigate his claims of title in Cause No. 2011-30108.

(14) The Court issuing the Order of Sale had no jurisdiction over Baldwin's title claims.

(15) The Court issuing the summary judgment in Cause No. 2011-46393 relied on the void Order of Foreclosure. A judgment which relies on a void judgment is also void. (An order is void if it is apparent that the court "had no jurisdiction of the subject matter." *Browning v. Prostok*, 165 S.W. 3d 336, 346 (Tex,2005). (For the parties at bar, determining the character of the November 26 order is critical, as a voidable judgment will support a plea of res judicata, *Trahan v. Trahan* 894 S.W.2d 113, 117 (Tex.App.-Austin 1995,writ denied), while a void judgment will not, *Lawrence Sys.,Inc. v.Superior Feeders, Inc.,*880 S.W. 2d 203, 211-212 (Tex. App. –Amarillo 1994, writ denied).

(16) Res Judicata cannot be supported by a void judgment.

**PRAYER**

(17 For these reasons, and in the interest of justice and fairness, Plaintiff asks the Court to grant a new trial.

**FILED**
Chris Daniel
District Clerk

Time: SEP 25 2014 4:14

By _____ Harris County, Texas
Deputy

CAUSE NO. 2010-22793

| | | |
|---|---|---|
| WILLIAM A. BALDWIN | S | IN THE DISTRICT COURT |
| *Plaintiff* | S | |
| v. | S | HARRIS COUNTY, TEXAS |
| LPP MORTGAGE, LTD | S | |
| *Defendant* | S | 295th JUDICIAL DISTRICT |

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff William a. Baldwin and files this supplemental brief in support of his Motion for New Trial. In support thereof, Baldwin would show as follows:

### ARGUMENT

1. A void judgment is like fraud—it vitiates everything it touches. A judgment cannot be granted based on an earlier void judgment.

2. The Texas Legislature limited the General Jurisdiction of the District Court and limited the power of the District Court in Summary Foreclosure proceedings. If any title dispute is pending in another court with proper jurisdiction over the pending title dispute, the District Court has no power to enter a Summary Foreclosure order and the Summary Foreclosure proceeding must be abated. Cause No. 2010-22793 was filed on April 12, 2010, and thus was still pending on July 14, 2011, the date the Summary Foreclosure order was issued.

3. The general rule that Summary Judgments can be upheld on any proper basis in the summary judgment record or evidence does not apply to void judgments. Reliance on a void judgment to grant another judgment is

fundamental error and presumed harmful. (See *Browning v. Prostok*, 165 S.W. 3d 336,346 (Tex.2005).

## PRAYER

For the foregoing reasons, Plaintiff asks the Court to grant his Motion for New Trial so that his claims to title in this case can be adjudicated.

Respectfully submitted,

WILLIAM A. BALDWIN,

7627 Glen Prairie

Houston, Texas 77061

713 875 9725

Plaintiff