**AVANT et al. v. WEST–PYLE CATTLE CO.**
**No. 9401.**

Court of Civil Appeals of Texas. San Antonio.

Jan. 24, 1934.

On Motion to Recall Judgment Granting Mandamus Feb. 28, 1934.

Rehearing Denied March 28, 1934.

Walter Stout, of San Antonio, for appellants.

Hertzberg & Kercheville, of San Antonio, for appellee.

MURRAY, Justice.

This is an application for a writ of mandamus against Hon. Lee Wallace, judge of the Thirty-Eighth judicial district of Texas, of which Uvalde county is a part. The mandamus is requested by F. J. Avant and Lex Stewart, for the purpose of requiring Hon. Lee Wallace, as judge of the district court of Uvalde county, to hear and determine certain issues in a certain cause pending in the district court of Uvalde County, styled West-Pyle Cattle Company, Plaintiff, v. Charles Owens et al., Defendants, and being cause No. 4830.

This cause was instituted in the district court of Uvalde county by West-Pyle Cattle Company, as plaintiff, against Charles Owens, Lex Stewart, and F. J. Avant. The suit was on a note and to foreclose a chattel mortgage on 330 head of cattle; 29 head of these cattle were alleged to be in the possession of Lex Stewart and F. J. Avant, in Frio county, Tex., who were asserting title to the cattle. A writ of sequestration was issued to the sheriff of Frio county, and the cattle were seized and ultimately replevied by plaintiff.

Defendants Stewart and Avant filed pleas of privilege to be sued in Frio county. Plaintiff controverted these pleas, but did not have same set down for a hearing, nor serve defendants with notice of their controverting affidavits. Later, at the same term of court, plaintiff appeared, dismissed its suit as to defendants Stewart and Avant, and took judgment against Owens for the amount due on

the note and foreclosure of the chattel mortgage on the 330 head of cattle, including the 27 taken by writ of sequestration from the possession of Stewart and Avant.

At the next term of court Stewart and Avant appeared and attempted to secure a hearing upon their pleas of privilege and upon their cross-action for the unlawful taking of the 27 head of cattle from their possession. The trial court declined to give them a hearing on the theory that the judgment rendered at the former term of the court was a final judgment and could not be set aside in this manner at a subsequent term of the court. Stewart and Avant seek this mandamus to require the court to give them this hearing.

This petition for mandamus has been heretofore overruled by us, without written opinion. Relators have filed a motion for rehearing, which we have concluded should be granted and our former judgment set aside, and the petition for mandamus granted.

When plaintiff filed its suit, secured a writ of sequestration, had these 27 head of cattle seized thereunder, and afterwards secured the possession of the same by giving a replevy bond, the law, under such facts, files a cross-action for the defendants for the return of the cattle or for their value. If the plaintiff fails to establish his right to the cattle, then defendants are entitled to judgment on such cross-action whether they have filed any pleadings affirmatively asking for same or not. Hill v. Patterson (Tex. Civ. App.) 191 S. W. 621; Pecos & N. T. Ry. Co. et al. v. Epps & Matsler (Tex. Civ. App.) 117 S. W. 1012.

Plaintiff had a right to dismiss its cause of action against defendants, but did not have a right to dismiss defendants' cross-action which the law files for them.

Plaintiff's dismissal of its cause of action was an admission that same should never have been filed, that the writ of sequestration should never have been issued, and that the cattle were wrongfully taken from the possession of the defendants, and the defendants were clearly entitled to judgment against the plaintiff and the sureties on the replevy bond for the value of the 27 head of cattle.

The trial judge did not dispose of either the pleas of privilege or defendants' cross-action; therefore the judgment entered by him was nothing more than an interlocutory order. Havard v. Carter-Kelley Lumber Company (Tex. Civ. App.) 162 S. W. 922.

The defendants Stewart and Avant are entitled to have their pleas of privilege disposed of, and, if overruled, then to have their cross-action, which the law files for them, and which the plaintiff cannot dismiss, disposed of by the trial judge.

The judgment heretofore entered refusing this mandamus is set aside, and said petition for mandamus will be granted.

### On Motion to Recall Judgment Granting Mandamus.

On November 22, 1933, appellee filed its motion to dismiss this appeal, which was by this court granted on the 20th day of December, 1933.

On December 1, 1933, appellants filed in this cause motion No. 11,687, which was a petition for mandamus against Hon. Lee Wallace, judge of the Thirty-Eighth judicial district, which motion was by this court refused on the 20th day of December, 1933.

On January 4, 1934, appellants filed a motion for a rehearing herein, which was by this court granted to the extent that a mandamus as prayed for was ordered issued by order dated January 24, 1934.

On February 7, 1934, a motion was filed on behalf of Hon. Lee Wallace by attorneys for appellee asking that we recall or cancel and set aside our judgment granting this mandamus.

We have concluded that we were in error in granting this mandamus, for the reason that under all theories of this cause this appeal was properly dismissed and the petition for injunction, being a part of the dismissed appeal, cannot be considered by us. In granting the mandamus, we treated it as an independent and separate application for mandamus, but we have concluded that this cannot properly be done. The petition for mandamus was filed under the style and number of this attempted appeal, which has been dismissed. The petition refers to the transcript for its supporting facts. When the appeal was dismissed, the petition for mandamus was also necessarily dismissed.

As heretofore stated, this appeal was properly dismissed under all theories of the case. The only judgment in the case which purports to be a final judgment is dated February 8, 1933, no notice of appeal was given, and no appeal from this judgment was perfected within the time prescribed by law. If this judgment was a final judgment, the appeal was lost for want of notice and failure to prosecute an appeal within the time prescribed by law. If this judgment was only an interlocutory order, no appeal could possibly lie therefrom.

On September 20, 1933, at the next regular term of the court subsequent to entering the judgment of February 8, 1933, appellants appeared and asked for a further hearing on the case, contending that the judgment of February 8, 1933, was only an interlocutory order. The court entered an order refusing any further hearing in the cause, notice of appeal was given to this order, but such an order is clearly not a final judgment, and no appeal is provided in law from such an order, so undoubtedly this appeal was properly dismissed and with the appeal all motions filed therein.

Motion for a rehearing filed on behalf of Hon. Lee Wallace will be granted. Our opinion granting mandamus herein is withdrawn, and the order issuing mandamus is set aside and held for naught, and this appeal will stand dismissed as per our order of December 20, 1933.