### ASKEW v. ROUNTREE et al.

### No. 10205.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 8, 1937.

Rehearing Denied Jan. 12, 1938.

J. B. Lewright, Chas. F. Guenther, Jr., and R. G. Harris, all of San Antonio, for plaintiff in error.

W. B. Moss, of Sinton, J. W. Ragsdale, of Victoria, J. D. Todd, of Corpus Christi, and Walter Groce, of San Antonio, for defendants in error.

MURRAY, Justice.

On March 24, 1934, Mrs. Amy Askew instituted suit in the district court of San Patricio county, seeking a divorce from her then husband, G. W. Askew. On April 27, 1934, she filed her first amended original petition, praying for a divorce and that she be awarded the care, custody, and control of their minor child, and that she recover certain community property. Out of state notice was issued to her husband and served on him in the city of Tampico, Mexico, together with a certified copy of her petition, on the 7th day of May, 1934. Thereafter, on the 18th day of September, 1934, Mrs. Askew recovered a judgment against her husband, granting the relief prayed for in her first amended original petition. More than two years after the entry of the judgment in that cause, to wit, on the 28th day of September, 1936, G. W. Askew filed his motion to "re-docket" this cause upon the trial docket of the district court, and to proceed with the trial of said cause on the following grounds, to wit: First, failure of the judgment to partition a ranch in the republic of Mexico, alleged to be the community property of Mr. and Mrs. Askew, thereby rendering the judgment an interlocutory order and not a final judgment; second, that an oil and gas lease was given by the parties to this suit covering certain property in San Patricio county, Tex., and that they, at the time of the entry of said decree and the filing of said motion, had some rights and interests thereunder, and, such property not having been mentioned or disposed of in the decree of divorce, it should be taken into consideration in the disposition of the community property. This motion was overruled by the trial judge on September 28, 1936, and this is an attempted appeal from that order.

We are of the opinion that the order of the trial judge overruling appellant's motion to redocket and proceed to the trial of the divorce cause was not such a final judgment as would support an appeal to this court. If the decree entered on September 18, 1934, was a final decree,

then failure to prosecute an appeal therefrom within the time prescribed by law deprived appellant herein of all right to appeal from that judgment.

If the decree of September 18, 1934, was only an interlocutory order, as claimed by appellant, then, and in that event the cause is still pending in the district court of San Patricio county, and appellant's remedy in the event the trial judge declined to proceed with the trial of the cause would be to apply for a writ of mandamus. Avant v. West-Pyle Cattle Co., Tex.Civ. App., 70 S.W.2d 207. It therefore becomes our duty to dismiss this attempted appeal from the order of the trial judge refusing to redocket and retry the original cause of action.

Defendant in error's motion to dismiss this attempted appeal will be granted and the appeal dismissed.