**GARCIA et al. v. JONES et al.**

No. 3982.

Court of Civil Appeals of Texas. El Paso. Oct. 10, 1940.

Rehearing Denied Feb. 13, 1941.

G. W. Wilson, of Falfurrias, and R. G. Harris, J. B. Lewright, and Philip J. Montalbo, all of San Antonio, for appellants.

Geo. Cannon and Harold A. Neuhaus, both of San Antonio, Felix A. Raymer, of Houston, Perkins & Floyd and Frank T. Morrill, all of Alice, and Thompson, Knight, Baker, Harris & Wright and H. F. Thompson, all of Dallas, for appellees.

PRICE, Chief Justice.

This is an appeal from an order of the District Court of Brooks County sustaining a general demurrer to a motion to redocket and retry cause No. 429, styled Jose

Vizcaya Prado v. Dr. Jose G. Garcia et al. The defendants declining to amend, the motion was ordered dismissed.

Appellees have filed a motion to dismiss this appeal on account of alleged lack of jurisdiction of this court. The ground of the motion is, that the judgment or order is not such a final judgment as may be reviewed on appeal.

The appellants, Dr. Jose G. Garcia, San Juana Garcia, Rita G. Garcia and Manuel Garcia Hinojosa, were parties defendant in said cause No. 429.

Cause No. 429 was filed March 21, 1932 by Jose Vizcaya Prado against appellant and numerous other parties. It sought partition of the La Mestena Grant, situated in Brooks County. On December 1, 1934, a judgment was entered in the cause.

The basis of appellants' motion to redocket and retry the cause was that this judgment was not a final judgment, and hence the cause stood for trial. The lack of finality therein was alleged to appear from the record in the case. The record, the motion charged, showed that the judgment was not supported by pleading and a lack of necessary parties.

In our opinion the correctness or incorrectness of the judgment appealed from has nothing to do with the question of jurisdiction of this appeal. Even though a final judgment is in all things correct, a party adversely affected thereby has the right to appeal therefrom. Therefore, we shall assume, for the purpose of passing on this motion only, that the judgment in cause No. 429 was, as alleged by appellants, interlocutory in character, and appellants were entitled to try the case.

The record in the cause was before the court in passing upon the motion. Notice was necessarily taken thereof. The demurrer searched the records. Carr v. Cleveland, Tex. Civ.App., 86 S.W.2d 858.

There is no disagreement between the parties to this appeal on the proposition that, to support jurisdiction on appeal, the judgment must be final. Perhaps there is agreement on the proposition that a judgment to be final need not dispose of the case on the merits, but is final in an appealable sense if it terminates the action then pending.

The case of Linn v. Arambould, 55 Tex. 611, gives an enlightening and, we think, accurate discussion of the question as to when a judgment is appealable. In the opinion there appears a quotation from Freeman on Judgments, as follows: "A final decree is one which disposes of the cause, either by sending it out of the court before a hearing is had on the merits, or after a hearing on the merits, decreeing either in favor of or against the prayer of the bill."

We deduce from the above cited case and authorities discussed therein that a final judgment is one that terminates an action.

Not every proceeding in a court in which action by the court is sought is an action. An illustration of this is to be found in the case of Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040. There it was held that a proceeding to make the minutes speak the truth as to the judgment rendered was not an action within the meaning of the four-year statute of limitations; a sought correction of the rendition, that is, of the judgment actually rendered, is another matter. See Waggoner v. Rogers, 108 Tex. 328, 193 S.W. 136.

We take it to be clear that the action taken and complained of herein was not "a sending it out of the court before a hearing," that is, a dismissal of cause No. 429. The order did not purport to in any way affect the merits of that action. The order appealed from simply amounts to a denial of the motion to redocket and retry. The motion was not, in our opinion, an action.

In Armstrong v. Nixon, 16 Tex. 610, 611, strongly relied upon by appellants here as supporting their contention, the judgment as rendered was sought to be annulled or revised. Embodied in the proceedings in that case was an action. So in the other cases cited involving motions in the nature of the old application for a writ of error coram nobis. Proceedings strictly of this nature are actions which must of necessity end in a judgment. Milam County v. Robertson, 47 Tex. 222; McClelland v. Moore, 48 Tex. 355; Cruger v. McCracken, 87 Tex. 584, 30 S.W. 537.

In a sense, an action is a judicial proceeding which, if prosecuted effectively, results in a judgment. Dinsmore v. Barker, 61 Utah 332, 212 P. 1109; Elmo v. James, Tex.Civ.App., 282 S.W. 835, 839.

It is not every ruling of a court that amounts to a judgment which will, in and

of itself, support an appeal. For instance, the quashing of a citation, sustaining of a special demurrer, the granting or refusing of a continuance are not such.

Appellants may or may not have been entitled to have the court proceed with cause No. 429. Their application to proceed was unquestionably in proper form. A commendable consideration was displayed, in giving notice to the party interested as to the filing of the application to proceed with the trial of the cause. Even though they had a right to proceed, will the denial of that right change the effect of the judgment on the minutes of the court? We think not.

■ The gravamen of appellants' motion to proceed with the trial was that it was affirmatively shown by the record that the judgment was interlocutory in character, hence they had a right to proceed to trial. Certainly they had no right to demand from the court a declaratory judgment to the effect that the judgment in cause No. 429 was an interlocutory judgment. If the court had acceded to the demands of plaintiffs and so declared it and proceeded with the trial, in our opinion, such action would have been without effect on said existing judgment. The motion did not seek a new trial in the cause; the theory was there had never been a trial, or at least only a partial trial, of the cause.

We are not unaware, and do not ignore the fact, that the trial court probably acted on the conviction that the action was already terminated by a final judgment. To this view we neither assent nor dissent. We hold the action taken simply amounted to a refusal to try. Such action, whether evidenced by a written order or otherwise, is not a judgment. It neither sends the case out of court for trial, nor is it an adjudication on the merits of the action. If, before the ruling, No. 429 was a pending action, it is still so.

In the case of Askew v. Rountree, 111 S.W.2d 1133, the San Antonio Court of Appeals held that an order overruling a motion to redocket and retry a divorce case after entry of decree was not "a final judgment as would support an appeal." This holding was consistent with its previous holding in the case of Avant et al. v. West-Pyle Cattle Co., 70 S.W.2d 207. We think the case of Banks v. Blake, Tex. Civ.App., 171 S.W. 514, writ denied supports that proposition. Likewise, in a

measure, the case of Goodman v. Mayer, 133 Tex. 319, 128 S.W.2d 1156.

It is ordered that the appeal be dismissed.