**In the Interest of Ryan CHAPMAN, Dana Chapman and Nathan Chapman, children,**

No. 07–97–0392–CV.

Court of Appeals of Texas, Amarillo.

June 10, 1998.

Cam Fannin Jr., Lubbock, for appellant.

Dan Morales, Atty. Gen., Jimmy F. Davis, Asst. Atty. Gen., Lubbock, for appellee.

David N. Getz, Lubbock, for real party in interest.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

REAVIS, Justice.

Appellant Michael Jon Chapman brings this appeal from an order of the 99th District Court of Lubbock County, confirming registration of a Minnesota judgment under the Uniform Interstate Family Support Act.[1] By four points of error, Chapman contends the trial court erred in registering the Minnesota judgment. Finding merit in appellant's fourth-point contention, we will reverse.

Chapman and Kathryn Dee Just (Just) had three children together prior to their marriage in Minnesota in 1992. After their marriage, Chapman and Just moved to Canyon, Texas with their children, but ceased living together in October 1994. Thereafter, Just returned to Minnesota with the three children and filed for divorce. On January 23, 1996, a Minnesota court granted the divorce, awarded Just sole custody of the three minor children, and ordered Chapman to pay $1,083.80 a month in child support.

Because Chapman remained a resident of Texas, and in order to obtain income-withholding in satisfaction of the Minnesota child support order, in May 1996, Just, by and through the Attorney General of the State of Texas, filed notice of registration of the foreign support order in the 99th District Court. In June 1996, Chapman filed a contest to this registration claiming in part that Just and the Attorney General had failed to comply with Texas Family Code section 159.602 (Vernon 1996).[2] The 99th District Court held a hearing on August 29, 1997. During the hearing no evidence of any nature was received, and the court acknowledged that the foreign judgment was not accompanied by either a sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage. See Tex. Fam. Code Ann. § 159.602 (Vernon 1996). However, after recognizing the deficiency, and without any explanation for the absence of a sworn or certified statement by the Attorney General regarding arrearages, the trial court signed an order confirming registration.

By his fourth point of error, Chapman contends the trial court erred in confirming registration of the Minnesota judgment because it was not accompanied by a sworn statement by either Just or the Attorney General (the parties seeking registration), or a certified statement by the custodian of the Minnesota records, showing the amount of any arrearage.[3] We agree.

As a general rule, a judgment rendered by a court of a sister-state may not be enforced in Texas without either the filing of a common law action to enforce the foreign judgment, or by authenticating the foreign judgment in accordance with the require-

---

1. See Texas Family Code Annotated Chapter 159 (Vernon 1996 & Supp.1998) (effective April 20, 1995).

2. Chapman also filed a motion for summary judgment in which he specifically pointed out that because the Minnesota judgment was not accompanied by either a sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage, it did not comply with the requirements of section 159.602. The motion was denied.

3. Neither Just nor the Texas Attorney General have favored this Court with an appellate brief.

ments of an act of congress or an applicable Texas statute. Tex. Civ. Prac. & Rem.Code Ann. § 35.003(a) (Vernon 1997); Jack H. Brown & Co. v. Northwest Sign Co., 665 S.W.2d 219, 221 (Tex.App.—Dallas 1984, no writ); Rich v. Con–Stan Industries, 449 S.W.2d 323, 326 (Tex.Civ.App.—Tyler 1969, no writ). In addition to the Uniform Enforcement of Foreign Judgments Act,[4] the Uniform Interstate Family Support Act, provides the procedure for registering a foreign support order in Texas. Section 159.602 of the Act provides:

(a) A support order or income-withholding order of another state may be registered in this state by sending to the appropriate tribunal in this state:

(1) a letter of transmittal to the tribunal requesting registration and enforcement;

(2) two copies, including one certified copy, of all orders to be registered, including any modification of an order;

(3) a sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage;

(4) the name of the obligor and, if known: (A) the obligor's address and social security number; (B) the name and address of the obligor's employer and any other source of income of the obligor; and (C) a description of and the location of property of the obligor in this state not exempt from execution; and

(5) the name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted.

(b) On receipt of a request for registration, the registering tribunal shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form.

(c) A petition or comparable pleading seeking a remedy that must be affirmatively sought under other law of this state may be filed at the same time as the request for registration or later. The pleading must specify the grounds for the remedy sought.

A plain reading of section 159.602 reveals that the submission of the listed documents is required when registering a foreign support or income withholding order. Cowan v. Moreno, 903 S.W.2d 119, 122 (Tex.App.—Austin 1995, no writ). An examination of section 159.502 reveals that a party seeking administrative enforcement of a foreign support order "may send the documents *required* for registering the order to a support enforcement agency of this state." Tex. Fam.Code Ann. § 159.502 (Vernon 1996). (Emphasis added). Moreover, we have previously held that the primary purpose for filing a foreign judgment in Texas is enforcement, and an essential prerequisite to enforcement is compliance with the provisions of the applicable uniform act. Lawrence Systems v. Superior Feeders Inc., 880 S.W.2d 203, 208 (Tex.App.—Amarillo 1994, writ denied).

Because the procedural requirements contained in section 159.602 are mandatory, the failure by Just and/or the Attorney General to provide the required documentation is fatal to the order confirming registration and a reversal is required. Consequently, a discussion of Chapman's three remaining points is pretermitted.

Accordingly, the order confirming registration of the Minnesota judgment is reversed without prejudice.

---

4. Tex. Civ. Prac. & Rem.Code Ann. Chapter 35 (Vernon 1997).