NO. 07-00-0079-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A 

AUGUST 16, 2001

______________________________

IN THE INTEREST OF RYAN CHAPMAN, DANA CHAPMAN

 AND NATHAN CHAPMAN, CHILDREN

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-505,495; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

BOYD, C.J., and REAVIS and JOHNSON, JJ.

Michael Jon Chapman brings this appeal from an order of the 140
th
 District Court of Lubbock County confirming registration of a Minnesota judgment under the Uniform Interstate Family Support Act,
(footnote: 1) in an action commenced by Kathryn Just, formerly Kathryn Chapman.  Although by his brief, Chapman states that he is appealing “the trial court’s denial of a Motion for Summary Judgment and Motion to Dismiss in his protest of a registration of a Foreign Support Order,” by his four points of error,
(footnote: 2) he contends (1) the support order is void because there was no evidence that he was given personal notice of the hearing in Minnesota on January 18, 1996; (2) his suit for divorce filed in Texas on August 23, 1995, vested jurisdiction in the Texas court notwithstanding the fact that Chapman was personally served on July 28, 1995, with Just’s action for legal separation filed in Minnesota; (3) Texas should have original jurisdiction for the divorce action because of a protective order dated November 1, 1994; and (4) the notice of registration of foreign support order does not comply with section 159.602.
(footnote: 3)  Based on the rationale expressed herein, we affirm.

After our decision in In Interest of Chapman, 973 S.W.2d 346 (Tex.App.--Amarillo 1998, no pet.), the proceeding to register a Minnesota judgment under the Uniform Interstate Family Support Act pending in the 99
th
 District Court of Lubbock County was dismissed and a second Motion for Enforcement and Notice of Registration of Foreign Support Order was filed in the trial court on March 26, 1999.  Chapman responded with (1) a Special Appearance, (2) Plea in Abatement, (3) Contest of Registration of Foreign Support Order, (4) Motion for Summary Judgment, and (5) a No-Evidence Motion for Summary Judgment filed under Rule 166a(i) of the Texas Rule of Civil Procedure, but entitled “Defendant’s No-Evidence Motion to Dismiss Plaintiff’s Claims.”  After the trial court  denied Chapman’s motions for summary judgment by order signed July 9, 1999, on November 2, 1999, in an unpublished opinion bearing cause number 07-99-0295-CV, this Court denied Chapman’s petition for writ of mandamus by which he sought to vacate or rescind the trial court’s order of July 9, 1999, denying his motions for summary judgment because such order was interlocutory and not subject to appeal.

According to the reporter’s record, the trial court then held a hearing on January 14, 2000, to consider Chapman’s motion to dismiss, and Just’s motion to release funds.  Counsel for both parties appeared and announced ready, and the matters to be considered were Chapman’s motion to dismiss and Just’s motion to release funds.  After the hearing, on January 28, 2000, the trial court signed its order as follows:

On January 14, 2000, the Court heard Respondent’s No Evidence Motion.  After hearing the evidence the Court is of the opinion that the motion should be denied.

IT IS ORDERED, that foreign order submitted for registration is admitted for enforcement and the stay to issuance and deliver of order of withholding is denied.

IT IS ORDERED, that judgment against MICHAEL JON CHAPMAN and for KATHY JUST is final.  

The order was approved by counsel for both parties as to form only and signed by the trial judge.  Before we consider Chapman’s points, we first review the applicable statutory provisions.

Section 159.606 sets out the procedure for a contest to the validity or enforcement of a registered order.  Per section 159.607(a), Chapman had the burden to request a hearing to (1) seek to vacate the registration; (2) assert any defense to an allegation of non-compliance with the registered order, and (3) contest the remedies being sought or the amount of any alleged arrearages.  Under section 159.607, Chapman had the burden of proving at least one of seven defenses, to wit:

(1) the issuing tribunal lacked personal jurisdiction over the contesting party;

(2) the order was obtained by fraud;

(3) the order has been vacated, suspended, or modified by a later order;

(4) the issuing tribunal has stayed the order pending appeal;

(5) there is a defense under the law of this state to the remedy sought;

(6) full or partial payment has been made; or

(7) the statute of limitation under Section 159.604 precludes enforcement of some or all of the arrearages.  

Finally, if Chapman did not establish one of the above defenses to the validity or enforcement of the order, the trial court as the registering tribunal was required to issue an order confirming the order. §159.607(c).  

By his first point of error, Chapman contends the trial court erred in issuing a confirming order because there was no evidence that he was given personal notice of the foreign court’s hearing on January 18, 1996, and that Just did not produce a copy of any notice given to him.  We disagree.  As presented, Chapman’s point incorrectly assumes that Just had the burden to introduce evidence that the Minnesota court had jurisdiction over him.  However, according to section 159.607(a)(1), Chapman had the burden to prove that the Minnesota court did not have personal jurisdiction over him.  Further, because Chapman did not establish the absence of jurisdiction by the Minnesota court, the trial court was required to issue an order confirming the order.  § 159.607(c). 

Moreover, even if the hearing on January 14, 2000, was an evidentiary hearing, a question we do not decide, Chapman admitted that he filed a special appearance in the Minnesota proceeding.  However, he did not introduce any evidence demonstrating whether the Minnesota court sustained his special appearance or whether the law of  Minnesota recognizes special appearance practice per Rule 120a of the Texas Rules of Civil Procedure.  Accordingly, point of error one is overruled.

By his last three points, Chapman contends (2) his suit filed in Texas on August 23, 1995 vested jurisdiction in the Texas court notwithstanding the fact that he was personally served on July 7, 1995 with Just’s action for legal separation filed in Minnesota, (3) Texas should have original jurisdiction for the divorce action because of a protective order issued November 1, 1994, by a Texas court, and (4) the notice of registration of foreign support order does not comply with section 159.602.  We disagree and consider these points together.

Rule 38.1(h) of the Texas Rules of Appellate Procedure requires that briefs must contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record.  However, by his last three points, Chapman does not present clear and concise argument nor references to authorities or the record.  Thus, they present nothing for review.  Wolfe v. C.S.P.H., Inc., 24 S.W.3d 641, 646-47 (Tex.App.--Dallas 2000, no pet.).  Moreover, a defect in procedure under section 159.602 is not a defense under section 159.607.  Points of error two, three, and four are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
1:
See
 Tex. Fam. Code Ann. §§ 159.001 - 159.902 (Vernon 1996 & Supp. 2001).  All references herein are to the Family Code unless otherwise designated.

2: Points of error are summarized.

3:
In Interest of Chapman, 973 S.W.2d 346 (Tex.App.–Amarillo 1998, no pet.) is not controlling because the trial court signed an order confirming registration notwithstanding that the trial court recognized a defect in procedure, no hearing was held, and the order was not approved as to form.