

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-22-00127-CV
_____

TASLEEM UDDIN SIDDIQUI AND TURIFF INTERNATIONAL, INC.
D/B/A IDEAL MOTORS, APPELLANTS

V.

NEXTGEAR CAPITAL, INC., APPELLEE

On Appeal from the County Court at Law Number 3
Tarrant County, Texas
Trial Court No. 2021-006827-3, Honorable Mike Hrabal, Presiding

October 27, 2022

OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Tasleem Uddin Siddiqui and Turiff International, Inc., d/b/a Ideal Motors, (collectively Turiff) filed a restricted appeal from a domesticated foreign summary judgment. The Hamilton County, Indiana Superior Court signed the summary judgment in January of 2018. Through it, the court awarded NextGear Capital, Inc. damages against Turiff. NextGear petitioned to domesticate the instrument on October 12, 2021,

under the Uniform Enforcement of Foreign Judgments Act (the Act). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.001–35.008. Allegedly, Turiff did not receive notice of those efforts until after the domesticated document was formally abstracted. That resulted in it filing a notice of restricted appeal on February 24, 2022, and contending that NextGear failed to comply with the provisions of the Act. We reverse.[1]

### *Restricted Appeal Generally*

To prevail in a restricted appeal, an appellant must establish that (1) he filed notice of the restricted appeal within six months after the judgment under attack was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *see also* TEX. R. APP. P. 26.1(c), 30. Our determination of whether the appellant satisfied these elements is limited to considering the four corners of the appellate record before us. *See Tex. Dep't of Pub. Safety v. Mew*, No. 07-13-00300-CV, 2014 Tex. App. LEXIS 3539, at *4 n.2 (Tex. App.—Amarillo Apr. 1, 2014, no pet.) (mem. op.). Here, dispute is limited to the third and fourth elements mentioned above. We address them in turn.

### *Nonparticipation*

Turiff contends that it satisfied the third element of *Pike-Grant.* NextGear contends it did not because the judgment debtors participated in the Indiana hearing that resulted

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent in the event of a conflict between the precedents of that court and this court. *See* TEX. R. APP. P. 41.3.

in the summary judgment. The same dispute underlies NextGear's motion to dismiss, as well. We agree with Turiff.

To reiterate, the third element concerns an appellant proving that he "did not participate in the hearing that resulted in the judgment complained of." *Pike-Grant*, 447 S.W.3d at 886. What is meant by the "judgment complained of" lies at the heart of the controversy before us. NextGear believes it references the Indiana judgment, while Turiff argues that it is the Texas judgment resulting from the domestication process. Our decision in *Lawrence Sys., Inc., ex rel. Douglas-Guardian Warehouse Corp. v. Superior Feeders, Inc.*, 880 S.W.2d 203 (Tex. App.—Amarillo 1994, writ denied), provides the answer.

In *Lawrence Systems*, we discussed how the Act is actually an enforcement statute. *Id.* at 208. This was so because the primary reason for filing a foreign judgment in Texas was to enforce it. *Id.* We further observed that enforcing a foreign judgment under the statute constituted an "'action'" or "'judicial proceeding which, if prosecuted effectively, results in a judgment.'" *Id.* (quoting *Garcia v. Jones*, 147 S.W.2d 925 (Tex. Civ. App.—El Paso 1940, writ dism'd)). That led us to conclude that filing a foreign judgment under the Act "has the effect of initiating an enforcement proceeding ***and rendering a final Texas judgment simultaneously.***" *Id.* (emphasis added); *accord Moreno v. Halperin*, No. 05-20-00858-CV, 2021 Tex. App. LEXIS 9879, at *3–4 (Tex. App.—Dallas 2021, pet. denied) (mem. op.) (quoting *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, writ denied)) (stating the same); *Tigh v. De Lage Landen Fin. Servs.*, 545 S.W.3d 714, 718 (Tex. App.—Fort Worth 2018, no pet.) (stating the same). If filing the foreign judgment in accordance with the Act immediately results in a

3

Texas judgment, logically then, the "judgment complained of" when the judgment debtor appeals is the Texas judgment instantly created. And, the proceeding from which the instantly created Texas judgment arose must be that initiated upon filing of the foreign judgment under the Act. So, to the extent that NextGear suggests the pertinent hearing contemplated by the third element is that held in the foreign state resulting in the foreign judgment, it is mistaken.[2]

No one disputes Turiff's nonparticipation in the hearing that occurred under the Act upon NextGear's filing the Indiana judgment. Indeed, how could Turiff. There was no actual hearing but merely filing the foreign mandate coupled with the immediate receipt of a Texas judgment. Nor did Turiff file a post-judgment motion attacking the Texas decree or a request for fact-finding and legal conclusions. So, we conclude that the two appellants satisfied the third element of *Pike-Grant*.

### Error on the Face of the Record

Next, Turiff mentions two purported errors apparent on the face of the record. One relates to compliance with the Act's notice requirements while the other involves defects in an affidavit. We address the latter, for it is dispositive, and, in doing so, sustain the contention.

---

[2] In arriving at this conclusion, we recognize both NextGear's citation to *Whitehead v. Bulldog Battery Corp.*, 400 S.W.3d 115 (Tex. App.—Dallas 2013, pet. denied) (op. on reh'g), and the Dallas appellate court's focus on participation in the hearing conducted in the foreign state. Why the *Whitehead* court did that went unexplained. Indeed, in that court doing so, it can be said it ignored guidance provided by its own precedent, that is, *Moncrief*, 805 S.W.2d at 22. *Moncrief*, like our decision in *Lawrence Systems* and that of the Fort Worth Court of Appeals in *Tigh*, described domestication as its own action resulting in its own Texas judgment. Indeed, heeding *Moncrief* required the *Whitehead* court to actually focus on the proceeding initiated in Texas through filing the foreign judgment, not the proceeding conducted outside this State resulting in the foreign judgment itself. Moreover, *Whitehead* loses its applicability at bar given *Tigh* and the fact of its issuance by the Fort Worth Court of Appeals. Again, the latter's precedent controls given that the appeal came to us from the Fort Worth Court of Appeals.

Compliance with the components of the Act are essential to having a valid Texas judgment. *In re Chapman*, 973 S.W.2d 346, 348 (Tex. App.—Amarillo 1998, no pet.). One such component obligates the judgment creditor or his attorney to "file with the clerk of the court an affidavit showing the name and last known post office address of the judgment debtor and the judgment creditor." TEX. CIV. PRAC. & REM. CODE ANN. § 35.004(a). Our legislature defined an "affidavit" as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011(1). In addition to satisfying the elements of that definition, the document must also illustrate that the facts contained reflect the affiant's personal knowledge, *see Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (per curiam); *Tayob v. Quarterspot, Inc.*, No. 05-15-00897-CV, 2016 Tex. App. LEXIS 12633, at *7 (Tex. App.—Dallas Nov. 28, 2016, no pet.) (mem. op.), and are true. *Tayob*, 2016 Tex. App. LEXIS 12633, at *7–8. If no basis from which to infer personal knowledge is shown, then the purported affidavit is deficient. *Id.*

Here, the face of the record reveals the presence of an affidavit. Apparently, Turiff's attorney executed it. It states as follows:

> I am the attorney for the judgment creditor in a judgment rendered by the Superior Court of Hamilton County, Indiana on January 17, 2018. An authenticated copy of the judgment has this day been filed with the clerk of the above-captioned court.
>
> . . . . [parties' addresses omitted]
>
> The purpose of this affidavit is so that notice of the filing of the foreign judgment can be given to the judgment debtors.

5

Missing is any statement that the facts represented within it are true. Nor did the affiant either aver that she had personal knowledge of its content or provide basis from which that knowledge may be inferred. It leaves us to wonder whether the information was obtained personally or from a third party who imparted it to legal counsel. Simply put, information garnered via hearsay or a third-party is not within one's personal knowledge. *See, e.g.*, *Trostle v. Combs,* 104 S.W.3d 206, 214 (Tex. App.—Austin 2003, no pet.) (observing that the affiant lacked personal knowledge of the purported facts because "Nassour . . . learned of Comb's remarks through Shields recounting of the conversation" as opposed to the remarks being overheard by Nassour or made to him). Consequently, NextGear's affidavit is deficient.

Indeed, a sister court held the same when reviewing a nearly identical instrument filed in proceeding under the Act. In *Tayob*, the challenged affidavit provided the following recitations:

> I am the attorney for the judgment creditor in a judgment dated September 2, 2014, rendered by the General District Court in Commonwealth of Virginia. An authenticated copy of the judgment has, this day, been filed with the Clerk of the above captioned Court.

*See Tayob,* 2016 Tex. App. LEXIS 12633, at *8.* The affiant attorney also included Tayob's name, last known post office address, and a New Jersey address for Quarterspot and concluded by describing the purpose of the affidavit. This led the *Tayob* court to deem the affidavit insufficient since it did "not even purport to state that the facts it contains are based on [the affiant's] personal knowledge and does not show any basis for her knowledge of the facts." *Id.* It mattered not that the document met the minimal requirements of the statutory definition of an affidavit, for such definition did not excuse the need for personal knowledge. *Id.*

6

Filing an affidavit with the clerk of the court providing the parties' names and addresses is mandatory under the Act. That was not done here given the deficient affidavit. So, error appears on the face of the record thereby satisfying the fourth requirement of *Pike-Grant*. *See Dana v. Diamante Mbrs. Club*, No. 05-20-00827-CV, 2022 Tex. App. LEXIS 347, at *1 (Tex. App.—Dallas Jan. 19, 2022, no pet.) (mem. op.) (finding error on the face of the record when judgment creditor failed to meet the Act's requirements by failing to file notice of the filing or present the trial court with a proper affidavit authenticating the filing).

We reverse judgment and render judgment denying NextGear Capital, Inc. recovery against Turiff International, Inc. and Tasleem Uddin Siddiqui upon its live petition to domesticate the Indiana judgment. Tᴇx. R. Aᴘᴘ. P. 43.2(c) (stating that a court of appeals may reverse the trial court's judgment in whole or part and render the judgment that the trial court should have rendered). This is done without prejudice to NextGear again attempting to domesticate the judgment in accordance with the Act. We further deny NextGear's motion to dismiss the appeal.


Brian Quinn
Chief Justice